[No. 41935.    En Banc.    February 3, 1972.]

TRILLIS PARKER, *as Guardian, Appellant,* v. THE CITY OF EVERETT *et al., Respondents.*

*Stock & Welch,* by *Eugene A. Stock,* for appellant.

*Bruce E. Jones* and *Mark T. Patterson,* for respondents.

HUNTER, J.—This is an action by Trillis Parker, the guardian, in behalf of two minor children, Eddie Lee Parker and Marc Evan Parker, plaintiffs (appellants), against the City of Everett and the members of the Firemen's Pension Board of the City of Everett, defendants (respondents), for pension benefits which they claim they are entitled to upon the death of their father, Gaylan Parker.

Decedent, Gaylan Parker, was a fireman for the City of Everett until he was killed on July 12, 1969, while not in the performance of his duty as a fireman. At the time of his death he was divorced from his wife and the care, custody and control of the minor children had been awarded to the mother under the divorce decree, reserving the right of reasonable visitation to the father and directing that he pay child support.

The minor plaintiffs filed a formal claim with the defendant pension board claiming that they were entitled to benefits provided in RCW 41.18.080, for children of a fireman who died as a result of a disability sustained not in line of duty. The pension board denied the claim for the reason that at the time of the father's death he did not have "legal custody" of the children as required by RCW 41.18.010 (6). The trial court sustained the action of the pension board. This appeal followed.

The sole issue in this case is whether the dependent surviving children of a divorced father, who are in the custody of the mother under a decree of divorce at the time of the father's death, come within the definition of "child" or "children" contained in the Firemen's Relief and Pensions—1955 Act, RCW 41.18.

RCW 41.18.010 (6) provides as follows:

> "Child" or "children" means a fireman's child or children under the age of eighteen years, unmarried, and in the legal custody of such fireman at the time of his death.

We have held in *Hanson v. Seattle,* 80 Wn.2d 242, 493 P.2d 775 (1972), argued before this court on the same

day as the instant case and involving the same issue, that the term "legal custody" is ambiguous in that it has a different meaning determined upon the context in which it is used; that it must therefore be construed consistent with the objectives and purposes of the pension act, and cannot be given a technical meaning as used in a decree of divorce so as to deny benefits to dependent children of a deceased fireman.

The judgment of the trial court is reversed, and the pension board is directed to grant the benefits prayed for by the plaintiff minor children in this case.

FINLEY, ROSELLINI, and HALE, JJ., concur.

STAFFORD, J. (concurring)—I concur in the result for the reasons set forth in my concurring opinion in *Hanson v. Seattle*, 80 Wn.2d 242, 493 P.2d 775 (1972).

HAMILTON, C.J., and WRIGHT, J., concur with STAFFORD, J.

NEILL, J. (dissenting)—I dissent for the reasons set forth in my dissent in *Hanson v. Seattle*, 80 Wn.2d 242, 493 P.2d 775 (1972), decided this day.